**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS GIBSON, | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE |
| | ) | |
| CITY OF CHICAGO and CITY OF CHICAGO | ) | |
| POLICE OFFICERS LISCIANDRELLO, | ) | |
| Star No. 19362, and UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS | ) | |
| | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiff, THOMAS GIBSON ("Thomas" or "Plaintiff"), by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants City of Chicago Police Officers Lisciandrello, Star No. 19362 , and Unknown Chicago Police Officers ("Officers" or "Defendants"), states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for excessive force, false arrest, violation of due process, failure to intervene and malicious prosecution.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

the United States.

## PARTIES

3.      Plaintiff, Thomas Gibson ("Thomas" or "Plaintiff") is a citizen of the United States of America, who currently resides in Cook County, IL.

4.      Defendant City of Chicago Police Officers Lisciandrello, and Unknown Chicago Police Officers ("Defendants" or "Officers") were at the time of this occurrence duly licensed Chicago Police Officers  They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

## BACKGROUND

5.      After being stopped and handcuffed by the police in the evening of April 19, 2019 Thomas Gibson was taken to a Chicago police vehicle.

6.      Offices started to put Mr. Gibson into the police car.

7.      Defendant Lisciandrello went to the other side of the police vehicle and opened the door.

8.      Police video shows Defendant Lisiciandrello enter the car, grab Mr. Gibson by the head and neck, and pull him across the backseat bench.

9.      With Mr. Gibson fully in the car, other officers shut the door opposite Defendant Lisciandrello.

10.     Defendant Lisciandrello began to walk away, without closing the car door nearest him, but stopped when he saw Mr. Gibson's head slide out of the car.

11.     Mr. Gibson had fallen off the seat and was laying in the footwell of the car, with head sticking out the open door.

12.     Lisciandrello turned around, came back.

13.     Lisciandrello punched Mr. Gibson in the back of the head.

14.     Then Lisciandrello put Mr. Gibson in a headlock and punched him four times in the ear.

15.     Lisciandrello then raked his elbow across Mr. Gibson's face before using an elbow strike on Mr. Gibson's neck and jaw.

16.     At this point, Mr. Thomas pushed himself towards the open door.

17.     Lisciandrello responded by grabbing Mr. Gibson's ear, putting, elbow pressure to Mr. Gibson's face and neck, and putting his hand over his nose and mouth, before giving him a final punch.

18.     Lisciandrello then left Mr. Gibson and punched a concerned bystander in the face, which is also on video.

19.     Unknown Chicago Police officers were in a position to intervene to stop the wholly unjustifiable violence and did nothing.

20.     However, these officers mocked the bystanders, challenging one of them to "whip it out" to prove that he was a man.

21.     As a result of the, excessive force and malicious prosecution, Plaintiff suffered injury, including but not limited to pain and suffering, and emotional injuries.

22.     Defendant Lisciandrello's excessive force and Unknown Chicago Police Officer's failure to interfene, were all undertaken and caused pursuant to the policy, practice, and custom of Defendant City of Chicago's Police Department.

23.     In establishing its procedures, Defendant City of Chicago has a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from

enforcing or continuing in effect policies and procedures that create a substantial likelihood that persons, such as Plaintiff, would be subjected to by Defendant City of Chicago's Police Officers' misconduct.

24.     Likewise, Defendant City of Chicago has a duty to refrain from enforcing or continuing in effect policies and procedures that cause persons, such as Plaintiff, to be treated with reckless indifference by its agents, servants and employees.

25.     At all times material to this complaint the Defendant City of Chicago and its Police Department, Superintendents, I.P.R.A., I.A.D., Personnel Division and/or Police Board had interrelated defacto policies, practices, and customs that were the moving force of the misconduct described in this Complaint.

26.     Defendants' misconduct was undertaken pursuant to one or more interrelated defacto policies, practices and/or customs of the City of Chicago, its Police Department, Police Board, I.P.R.A., I.A.D., Personnel Division, and/or Superintendents are guilty of one or more of the following wrongfully acts or omissions:

> a.  failing to properly hire, train, supervise Police Officers;
> b.  failing to properly train and supervise Chicago Police Officers with regard to discharging their weapons at civilians;
> c.  refusing to supervise, reprimand, discipline, transfer, monitor, counsel and/or otherwise control Police Officers who engage in misconduct contrary to the laws, rules and regulations, thus condoning the use of excessive force; thereby leading City Of Chicago Police Officers to believe their actions will never be scrutinized and in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, City Of Chicago Police Officers accused of excessive force can be confident that the Independent Police Review Authority will not adequately investigate those accusations and will refuse to recommend discipline even where the Officer has engaged in excessive force;
> d.  failing to retrain and/or otherwise control Police Officers who engage in wrongful excessive force and/or unjustified shootings against civilians;

e. failing to establish appropriate policies and procedures to address and correct the repeated use of excessive force by Police Officers in traffic stops;

f. inadequately and/or failing to independently and adequately investigate complaints or allegations of excessive force and of other types of misconduct by fellow Police Officers, including the use of excessive force against civilians to protect fellow officers from disciplinary, criminal and civil actions in violation in civilian rights and privileges;

g. covering up the criminal and/or wrongful activities of fellow Police Officers, by falsely reporting, falsely or improperly investigating, committing perjury and being dishonest in violation of the rights and privileges of civilians including Plaintiff;

h. tacitly approving of law enforcement officers using their power and position to interfere with other citizens' rights, including the right to be free of interference with their right of association with their right to be free in their bodily integrity, and security in their persons;

i. allowing the continuance in force and effect of policies and procedures which resulted in the use of outrageous and excessive force against civilians, including Plaintiff;

j. as a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to protect civilians from reckless indifference of defendant city's agents, servants, and employees in its Police Department;

k. failing to, as a matter of express policy of Defendant City Of Chicago to retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant City Of Chicago from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

l. allowing the policy, practice, and custom of a "police code of silence" resulting in police officers refusing to report instances of police misconduct of which they are aware, including the unjustified discharge of an officer's weapon, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, in cases where they and their fellow officers have used excessive force and/or engaged in unjustified shootings of civilians;

27. The defacto policies including the "police code of silence" are interrelated and exacerbate the effects of each other and said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and encouraged the subject Defendants to conduct the aforesaid acts against

5

Plaintiff and therefore acted as the moving force and were, separately and together, direct and proximate causes of the injuries to Plaintiff.

28.     The defacto policies including the "police code of silence" were carried out with a conscious disregard for the rights and safety of Plaintiff, thereby justifying the award of exemplary and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

### Count I
### 42 U.S.C. Section 1983
### Fourth Amendment – Excessive Force against Defendant Lisciandrello,

29.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30.     The actions of Defendant Officers, as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

31.      As a result of the Defendant Officers's misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered injury including physical, financial and emotional harm.

### COUNT II – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

32.     Each of the foregoing Paragraphs is incorporated as if restated fully herein.

33.     As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Unknown Chicago Police Officers stood by without intervening to prevent the misconduct described in this Complaint.

34.     As a result of the Unknown Chicago Police Officers' failure to intervene, Plaintiff suffered pain and injury, including emotional anguish, as is more fully described throughout this

6

Complaint.

35.     As a result of the Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered injury including physical and emotional harm.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff

Christopher R. Smith
Christopher Smith Trial Group, LLC
One North LaSalle, Suite 2000
Chicago, IL 60602
312.432.0400