IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GIBSON | ) | |
| | ) | No. 20-cv-05159 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Hon. Judge Sara L. Ellis |
| CITY OF CHICAGO and CITY O CHICAGO | ) | |
| POLICE OFFICERS LISCIANDRELLO, | ) | |
| Star No. 19362, and UNKOWN CHICAGO | ) | |
| POLICE OFFICERS | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF OFFICER JOSEPH LISCIANDRELLO TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

NOW COMES the Defendant, Officer Joseph Lisciandrello, Star No. 19632, by and through his attorneys Francis P. Cuisinier and Edward D. Mizera and for his answer to the Plaintiff's Amended Complaint, Affirmative Defenses, and Jury Demand states as follows:

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for excessive force, false arrest, violation of due process, failure to intervene and malicious prosecution.

**ANSWER:** This Defendant admits that the Plaintiff's Complaint seeks recovery under the Civil Rights Act but denies that the Plaintiff has any legal or factual basis to support his claims.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER:** This Defendant admits that this Court has jurisdiction.

3. Plaintiff, Thomas Gibson ("Thomas" or "Plaintiff") is a citizen of the United States of America, who currently resides in Cook County, IL.

**ANSWER:** This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in ¶ 3 and therefor neither admits nor denies same but demands strict proof thereof.

4. Defendant City of Chicago Police Officers Lisciandrello, and Unknown Chicago Police Officers ("Defendants" or "Officers") were at the time of this occurrence duly licensed Chicago Police Officers They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

**ANSWER:** This Defendant admits that he is a duly licensed police officer employed by the City of Chicago Police Department and further admits that at the time and place stated he was acting within the scope of his employment under color of law.

5. After being stopped and handcuffed by the police in the evening of April 19, 2019 Thomas Gibson was taken to a Chicago police vehicle.

**ANSWER:** This Defendant admits that on April 20, 2020 the Plaintiff was arrested, handcuffed, and taken to a City of Chicago Police Department vehicle. This Defendant otherwise denies the allegations of ¶5.

6. Offices started to put Mr. Gibson into the police car.

**ANSWER:** This Defendant admits the Plaintiff was placed in a City of Chicago Police Department Vehicle by various officers.

7. Defendant Lisciandreilo went to the other side of the police vehicle and opened

the door.

**ANSWER:** This Defendant admits that he opened one of the doors of the police car but otherwise denies the allegations of ¶ 7 in the manner plead therein.

8. Police video shows Defendant Lisiciandrello enter the car, grab Mr. Gibson by the head and neck, and pull him across the backseat bench.

**ANSWER:** This Defendant denies each of the allegations contained in ¶ 8.

9. With Mr. Gibson fully in the car, other officers shut the door opposite Defendant Lisciandrello.

**ANSWER:** This Defendant admits that he and other officers attempted to close the door to the police car after placing the Plaintiff in the vehicle. This Defendant otherwise denies the allegations of ¶ 9 as plead therein.

10. Defendant Lisciandrello began to walk away, without closing the car door nearest him, but stopped when he saw Mr. Gibson's head slide out of the car.

**ANSWER:** This Defendant admits that the Plaintiff attempted to exit the vehicle but otherwise denies the allegations of ¶ 10 as plead therein.

11. Mr. Gibson had fallen off the seat and was laying in the footwell of the car, with head sticking out the open door.

**ANSWER:** This Defendant admits that the Plaintiff attempted to leave the vehicle but otherwise denies the allegations of ¶ 11 as plead therein.

12. Lisciandrello turned around, came back.

**ANSWER:** This Defendant admits that the he attempted to prevent the Plaintiff from exiting the vehicle but otherwise the allegations of ¶ 12 as plead therein

13. Lisciandrello punched Mr. Gibson in the back of the head.

**ANSWER:** This Defendant admits that he used reasonable force under the circumstances to restrain the Plaintiff who was resisting arrest, but otherwise denies the allegations of ¶ 13 as plead therein.

14. Then Lisciandrello put Mr. Gibson in a headlock and punched him four times in the ear.

**ANSWER:** This Defendant admits that he used reasonable force under the circumstances to restrain the Plaintiff who was resisting arrest, but otherwise denies the allegations of ¶ 14 as plead therein.

15. Lisciandrello then raked his elbow across Mr. Gibson's face before using an elbow strike on Mr. Gibson's neck and jaw.

**ANSWER:** This Defendant admits that he used reasonable force under the circumstances to restrain the Plaintiff who was resisting arrest, but otherwise denies the allegations of ¶ 15 as plead therein.

16. At this point, Mr. Thomas pushed himself towards the open door.

**ANSWER:** This Defendant admits that the Plaintiff resisted arrest by attempting to leave the vehicle.

17. Lisciandrello responded by grabbing Mr. Gibson's ear, putting, elbow pressure to Mr. Gibson's face and neck, and putting his hand over his nose and mouth, before giving him a

final punch.

**ANSWER:** This Defendant admits that he used reasonable force under the circumstances to restrain the Plaintiff who was resisting arrest, but otherwise denies the allegations of ¶ 17 as plead therein.

18. Lisciandrello then left Mr. Gibson and punched a concerned bystander in the face, which is also on video.

**ANSWER:** This Defendant denies the allegations of ¶ 18.

19. Unknown Chicago Police officers were in a position to intervene to stop the wholly unjustifiable violence and did nothing.

**ANSWER:** This Defendant denies each of the allegations contained in ¶ 19.

20. However, these officers mocked the bystanders, challenging one of them to ``whip it out" to prove that he was a man.

**ANSWER:** This Defendant denies each of the allegations contained in ¶ 20.

21. As a result of the, excessive force and malicious prosecution, Plaintiff suffered injury, including but not limited to pain and suffering, and emotional injuries.

**ANSWER:** This Defendant denies each of the allegations contained in ¶ 21.

<u>**COUNT I**</u>
**42 U.S.C. Section 1983**
**Fourth Amendment –** *Monell* **Against City of Chicago**

The Defendant, Officer Joseph Lisciandrello, makes no answer to Count I which purportedly attempts to state a *Monell* claim against the City of Chicago; however, to the extent that any of the allegations are specifically directed to Defendant, Officer Joseph Lisciandrello, including but not limited to ¶ 22 through ¶ 52 such allegations are denied.

## COUNT II — 42 U.S.C. § 1983

### Fourth Amendment — Excessive Force Against Defendant Lisciandrello

53. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER**: This Defendant restates and incorporates by reference his answers to each of the foregoing paragraphs.

54. The actions of Defendant Officers, as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** The Defendant, Officer Joseph Lisciandrello, denies each of the allegations contained in ¶ 54.

55. As a result of the Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Plaintiff suffered injury including physical, financial and emotional harm.

**ANSWER:** The Defendant, Officer Joseph Lisciandrello, denies each of the allegations contained in ¶ 55.

## COUNT III – 42 U.S.C. § 1983

### Fourth Amendment – Failure to Intervene (Against Unknown Officers Only)

The Defendant, Officer Joseph Lisciandrello, makes no answer to Count III of the Plaintiff's Amended Complaint the allegations of which are not directed to him.

## JURY DEMAND

The Defendant, Officer Joseph Lisciandrello, hereby demands a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. At all times material to the events alleged in Plaintiff's Complaint, Defendant was acting under color of law, and was a government official who was performing discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant, therefore, is entitled to qualified immunity as to Plaintiff's federal claims.

2. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

3. Defendant cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. See *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. Plaintiff fails to state a claim for excessive force. The United States Supreme Court has noted: "a Fourth Amendment Seizure does not occur whenever there is a governmentally

caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Therefore, the Fourth Amendment is inapplicable unless Plaintiff's factual allegations demonstrate that Defendant used excessive force while attempting to terminate Plaintiff's freedom of movement. *Id.*

5. At all times relevant here to the Defendant Officer Joseph Lisciandrello used reasonable force in response to Plaintiff's attempt to resist a lawful arrest.

6. It is well settled that a lawsuit against an individual in their official capacity is not a suit against the individual, but rather is a suit against the governmental entity of which the individual is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (official capacity suits "generally represent only another way of pleading an action against an entity of which [a government official] is an agent."). Consequently, courts treat official-capacity claims as a claim against the governmental entity. *Id.* at 165-66; *see also Reed v. Illinois*, 798 F. App'x 932, 934 (7th Cir. 2020) (plaintiff's official-capacity claims dismissed as redundant of his claims against the State); *see also Tom Beu Xiong v. Fischer*, 787 F.3d 389, 398-99 (7th Cir. 2015) (an official capacity suit is redundant considering plaintiff also named government department as a defendant). In his Complaint, Plaintiff alleges claims against Defendant Officer Lisciandrello in both his individual and official capacity. ECF No. 1, ¶ 4. Because his employer, the City of Chicago, has been named as a defendant, any official capacity claims against Defendant Officer Lisciandrello fail.

                RUBERRY, STALMACK & GARVEY, LLC

By:_____
     Francis P. Cuisinier

RUBERRY, STALMACK & GARVEY
Special Assistant Corporation Counsel.
10 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 466-8050
Court I.D. 48602